# Hunt *versus* Todd.

H. gave his check to T. for $640.62, and T. gave to H. certain bills or accounts against persons indebted to T. to the same amount as the check, with a written acknowledgment by T. of his having received the check, and agreeing to *refund* to H. the amount of the accounts remaining unpaid at the expiration of thirty days: *Held*, that this was an assignment of the claims by T. to H., with a condition on the part of T. to return to H. so much of their amount as remained unpaid at the expiration of thirty days ; and that H., in order to recover against T., was bound to prove that the whole amount of the claims had not been paid: though this was a negative allegation, it was an essential element of the plaintiff's case.

ERROR to the District Court, *Philadelphia*.

An action of *assumpsit* was brought by Samuel Hunt *v.* John Todd. The *narr.* contained the common counts. The general issue was pleaded.

On the trial, plaintiff's counsel gave in evidence a check of Hunt to Todd, on the Bank of Penn Township, for $2842 $\frac{77}{100}$.

On his part, a check of Hunt to Todd, was offered also ; it was as follows :

"Philadelphia, July 12, 1849.

Bank of Penn Township, pay to John Todd, on the 12th day of August, or order, six hundred and forty $\frac{62}{100}$ dollars.

$640.62　　　　　　　Signed,　　　　　　　SAMUEL HUNT.
　　Endorsed,　JOHN TODD."

This paper was objected to on part of defendant, as being no evidence of a debt due from defendant to plaintiff. The objection was overruled, and exception taken by defendant.

Plaintiff's counsel read in evidence, a paper to the effect that sundry persons who were named, were debtor to John Todd, July 12, to the amount, in the aggregate, of $647.09. The sum of $6.47 was deducted from the amount, leaving a balance of $640.62.

"Received of Samuel Hunt, his check at thirty days, for $640.62, amount remaining unpaid at the expiration of thirty days, shall be refunded by me.

　　　　　　　Signed,　　　　　　　JOHN TODD.
July 12, 1849."

Defendant's counsel then asked the Court to enter a nonsuit for want of evidence of any debt due and owing by defendant to plaintiff, which motion the Court overruled. The Court charged the jury, but reserved the point whether the plaintiff ought not to have proved that the amount mentioned in the bills were unpaid.

Verdict was rendered for plaintiff for $149.73 ; but the Court afterwards set aside the verdict, and entered a *nonsuit*.

[Hunt v. Todd.]

*F. C. Brewster*, for plaintiff in error.—The plaintiff's case made out that Todd, the defendant, had received $640.62 of the plaintiff's money. The possession of the check by the plaintiff with the defendant's endorsement on it, in connection with his receipt for the check, showed that the former had given the check to the defendant; and the endorsement by the latter and the production of the check proved that the defendant 'had received $640.62 of the plaintiff's money. At all events, it presented enough, from which the jury could infer it, and they so found.

The evidence fixed on the defendant a liability from which he was not relieved by mere transfer to the plaintiff of the bills. He contended that the burden of proving payment of the bills *was on the defendant*: 4 *W. C. C. Rep.* 308–9.

*Bull*, contrà.—Though the defendant had received $640.62 on the check, the evidence negatives the supposition that it was *a loan*. The transaction was *a sale* of the debts, with a condition as to returning the price of the whole or part upon a failure of. consideration, entire or partial. The plaintiff, to have recovered, should have proved that some portion of the bills was unpaid at the expiration of thirty days. Though this is *negative* proof, it must be given, in order to recover: 1 *Greenleaf's Ev.* 152; 1 *Starkie's Ev.* 420.

The *opinion of* the Court, filed May 17, was delivered by

Lewis, J.—The proper construction of the instrument of writing upon which this action was brought, is that it was an assignment by Todd to Hunt of the claims therein named, at a discount, with a condition to return so much of the money received as remained unpaid by the persons indebted at the expiration of thirty days. In cases where a plaintiff's right of action is grounded upon a negative allegation, the proof of this negative is an essential element of his case: 1 *Greenleaf's Evidence*, sec. 78; 7 *Moore* 158, Calder *v.* Rutherford. In this case the plaintiff claimed to recover $149.73, *part* of the money paid for the claims stated in the instrument of writing; but his title to recover the *whole* sum of $640.42, was as clear as his right to recover the sum claimed, and this he could not do without proof of a failure of consideration. He paid the money in consideration of the assignment of claims against others, coupled with a contract, in the nature of a guarantee, that the claims would be paid within thirty days. He cannot sustain an action against the assignor without proof of a total or partial failure of the consideration. The difficulties supposed to exist in making this proof are more imaginary than real. If the alleged debtors are shown to be worthless, or beyond sea, or not in fact indebted to the defendant, these circumstances, or either of them, would raise a presumption that the claims against them had not

2 D 2

[Hunt *v.* Todd.]

been paid. But no proof whatever was given of a failure of consideration; and to allow a recovery without it would amount to an unjustifiable rescission of the contract. The Court below committed no error in entering a judgment of nonsuit.

Judgment affirmed.